## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**BILLIE A. AULD, et al.**                                              **PLAINTIFFS**

**VS.**                                           **CIVIL ACTION #5:04CV55DCB-JMR**

**LIFE INSURANCE OF GEORGIA, et al.**                                    **DEFENDANTS**

### ORDER SEVERING PLAINTIFFS

**BEFORE THE COURT** is plaintiffs' complaint filed on February 13, 2004. On August 16, 2004, this case was transferred for resolution by Multi-District Litigation (MDL) to the Eastern District of Louisiana. On July 6, 2007, the Court in the Eastern District of Louisiana determined that this case be returned to this jurisdiction. The Court postponed any hearing in this matter to await the determination of the Judicial Panel concerning whether this matter should be returned to the Eastern District of Louisiana for final resolution. A conference in this matter was held on January 16, 2008. In light of the conference, the court is of the opinion that plaintiffs must file separate complaints for the reasons set forth below.

These approximately 128 plaintiffs filed a joint complaint which was originally filed in the Circuit Court of Yazoo County against Georgia Life Insurance Company and various insurance agents alleging race based discriminatory underwriting practices by the Defendant.

I.

With these concerns in mind and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds it appropriate to sever the recent matter into individual actions, one for each named remaining plaintiff. The present case, civil action 5:04cv55DCB-JMR, will be dismissed without prejudice.

All plaintiffs' claim in Civil Action 5:04cv55DCB-JMR shall be severed into individual actions, one for each remaining plaintiff and the Clerk of the Court will be directed to assign a new case number to each individual severed action. The Clerk of Court shall be directed to place copies of the present complaint, and other documents, including this order in each file. Each of the previous filings will be deemed filed in the new cases as of the dates shown on the docket sheet for Civil Action No.5:04cv55DCB-JMR. In the event, the Court finds that common questions of law or fact exist in separate cases, the Court may then order that those cases be consolidated, as provided in Fed.R.Civ.P. 42(a).

Pending motions in the captioned cause are terminated by this Order with the exception of document #12 Motion to Withdraw as it relates to the Estate of Eldora Burks. The Clerk is directed to place this motion in the aforementioned plaintiff's case when it is opened.

The current Civil Action No.5:04cv55DCB-JMR shall be closed upon the individual cases being severed and replaced by new civil actions.

IT IS THEREFORE ORDERED:

(1) That Civil Action No. 5:04cv55DCB-JMR shall be severed into individual actions, one for each named plaintiff;

(2) That the Clerk of Court is directed to assign individual civil action numbers to each of the severed cases;

(3) That the Clerk of the Court is directed to copy the complaint and other documents filed in Civil Action No. 5:04cv55DCB-JMR including this order, in each newly created file;

(4) That the complaint and action in Civil Action No. 5:04cv55DCB-JMR is dismissed without prejudice;

(5) That the Clerk of Court is directed to terminate all pending motions in civil action 5:04cv55DCB-JMR by this Order with exception of document motion to withdraw [12-1] as it relates to the Estate of Eldora Burks.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2008.

S/JOHN M. ROPER, SR.
**CHIEF MAGISTRATE JUDGE**